UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loretta Nicole Davis,<br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Estate of Phillip Bass, Jr.<br>Sumpter W. Bass, Phillip Bass, III,<br>Leola Bass,<br>Probate Roll Number 99-ES-3400-029,<br><br>　　　　　　　　　Defendants. | C/A: 4:24-5654-JD-TER<br><br>Report and Recommendation |

A civil action was commenced by *pro se* Plaintiff by filing an action in this court. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*. ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for her, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v.*

*Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

The extent of Plaintiff's statement of claim allegations is "motion for correct/amend deed" and Plaintiff directs the court to view the attachments, which are not further factual allegations.[1] (ECF No. 1 at 5). The attached documents are a September 2024 motion captioned for Marlboro County to correct a deed recorded in September 2023, so that she is the only property owner listed on the deed, an online printout regarding various family members, a quitclaim deed filed in 2023, a probate court deed of distribution from a 1999 action recorded in 2013, a deed of distribution, and an affidavit form about the deed signed in 2020. Plaintiff alleges only that jurisdiction is based in federal question, "Title 26, Art 8." (ECF No. 1 at 3). Plaintiff has made no other allegations. Title 26 of the United States Code is generally the IRS code.

Plaintiff's request for relief is for the state court deed to be changed to reflect Plaintiff as the only owner. (ECF No. 1 at 5).

To the extent Plaintiff is seeking to appeal decisions entered in Marlboro County, she cannot appeal such decisions to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. Federal courts have an "independent obligation" to investigate the

---

[1] District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for her.

limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of state court decisions are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court, not this court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). As to any challenges Plaintiff may be making to final judgments in prior state court proceedings, the Rooker–Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Any state court ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court proceedings by federal district courts is implicated when a ruling in the plaintiff's favor on her claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find

invalid) various orders and rulings made in the state court. Such a result is prohibited under the Rooker–Feldman Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006).

When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149,152-153 (1908); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113-15 (1936). Under the Rule 8 requirements, Plaintiff has not adequately pleaded subject matter jurisdiction based on the aforementioned. Citation to the entire IRS code without more does not provide subject matter jurisdiction here.

As to Plaintiff's request of relief for state court deed correction in this federal court, this court lacks subject matter jurisdiction.

## RECOMMENDATION

It is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*.

October 11, 2024  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).