IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loretta Nichole Davis, ) | Case No.: 4:24-5654-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Estate of Phillip Bass, Jr. Sumpter W. ) | |
| Bass, Phillip Bass, III, Leola Bass, ) | |
| Probate Roll Number 99-ES-3400-029, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Loretta Nichole Davis's ("Plaintiff") pleadings.[1]

**A. Background**

Plaintiff, proceeding *pro se*, filed this action against Defendants Estate of Phillip Bass, Jr., Sumpter W. Bass, Phillip Bass, III, Leola Bass, Probate Roll Number 99-ES-3400-029 (collectively "Defendants"). Plaintiff's statement of claims allegation is a "motion for correct/amend deed," and Plaintiff directs the court to view

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the attachments, which are not further factual allegations.[2] (DE 1 at 5.) Plaintiff alleges that jurisdiction is based on federal question, "Title 26 Art 8." (*Id.* at 3.) Plaintiff has made no other allegations. Plaintiff's request for relief is for the state court deed to be updated to reflect Plaintiff as the "sole" owner and to "remove all deceased members." (*Id.* at 5.)

### B. Report and Recommendation

On October 11, 2024, the Magistrate Judge issued the Report recommending that this Court dismiss Plaintiff's case without prejudice and without issuance and service of process. (DE 9.) The Report found that to the extent Plaintiff is seeking to appeal decisions entered in Marlboro County, she cannot appeal such decisions to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2]     The attached documents are a September 2024 motion captioned for Marlboro County to correct a deed recorded in September 2023, so that she is the only property owner listed on the deed, an online printout regarding various family members, a quitclaim deed filed in 2023, a probate court deed of distribution from a 1999 action recorded in 2013, a deed of distribution, and an affidavit form about the deed signed in 2020.

### D. Conclusion

Since Davis has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiff's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

November 7, 2024
Florence, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.